NEWMEYER & DILLION LLP
JOHN A. O'HARA, CBN 122377
John.Ohara@ndlf.com
MICHAEL J. STUDENKA, CBN 204956
Michael.Studenka@ndlf.com
C. KENDIE SCHLECHT, CBN 190978
Kendie.Schlecht@ndlf.com
SUSANNAH M. EICHELE, CBN 265190
Susannah.Eichele@ndlf.com
895 Dove Street, 5th Floor
Newport Beach, California 92660
(949) 854-7000; (949) 854-7099 (Fax)

Attorneys for Defendants and Counterclaimants
KB HOME SOUTH BAY INC., KAUFMAN AND BROAD-MONTEREY BAY, INC., and K & B BAKEWELL SEASIDE VENTURE, LLC

NEWMEYER & DILLION LLP

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN JOSE DIVISION

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,

Plaintiff,

vs.

KAUFMAN & BROAD MONTEREY BAY, INC., a California corporation, K&B BAKEWELL SEASIDE VENTURE, LLC, a California Limited Liability Company, and KB HOME SOUTH BAY, INC., a California Corporation and DOES 1 through 10, inclusive,

Defendants.

AND RELATED COUNTERCLAIM.

CASE NO.: CV 13-04745 EJD (PSGx)

**KB'S REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT; REQUEST TO STRIKE TRAVELERS' EVIDENTIARY OBJECTIONS; KB' EVIDENTIARY OBJECTIONS**

**DATE: December 5, 2014**
**TIME: 9:00 a.m.**
**CTRM: 4 (5th Floor)**

FILE DATE: October 11, 2013
TRIAL DATE SET: April 14, 2015

Defendants KB Home South Bay Inc., Kaufman and Broad-Monterey Bay, Inc., and K & B Bakewell Seaside Venture, LLC (collectively, "KB") submit their reply brief in support of their Motion for Partial Summary Judgment against Plaintiff Travelers Property Casualty Company of America ("Travelers"):

## TABLE OF CONTENTS


Page

1. PREFATORY STATEMENT ..... 2
2. THERE ARE NO TRIABLE ISSUES ON ANY MATERIAL FACT ..... 2
3. TRAVELERS FAILED TO PROVIDE AN IMMEDIATE DEFENSE ..... 2
   - A. The Duty To Defend Under The 2003-2004 Policy Was Triggered Upon Tender ..... 2
   - B. Travelers Had Possession Of The Norcraft Subcontracts Which Triggered Travelers' Defense Duty Under Blanket Additional Insured Endorsements ..... 6
   - C. Cal. Code Civ. Proc. § 1909 Does Not Apply ..... 7
4. A TEMPORARY "COURTESY DEFENSE" IS NOT A COMPLETE DEFENSE; TRAVELERS' SECRET SETTLEMENT IS IMPROPER AND UNDER CHALLENGE ..... 8
5. KB HAS NOT RECEIVED A FULL DEFENSE FROM ANY CARRIER IN THE DAVIS ACTION ..... 10
6. TRAVELERS' EVIDENTIARY OBJECTIONS VIOLATE LOCAL RULES ..... 10
7. KB'S EVIDENTIARY OBJECTIONS ..... 11
   - A. Objection To Travelers' Request For Judicial Notice (Dkt. 88) ..... 11
   - B. Objection To Declaration of Angela Martin (Dkt. 87-1) ..... 11
   - C. Objections To Declaration of Pamela Colouris (Dkt. 90) ..... 12
     - (1) Paragraph 8 ..... 12
     - (2) Paragraph 29 and Exhibit Q ..... 12
     - (3) Paragraph 31 ..... 12
8. CONCLUSION ..... 13


NEWMEYER & DILLION LLP

# TABLE OF AUTHORITIES

Page

**Federal Cases**

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986) ..... 2
*Hernandez v. City of Napa*, 781 F. Supp. 2d 975 (N.D. Cal. 2011) ..... 2
*In re Campbell*, 35 F. Supp. 100 (S.D. Cal. 1940) ..... 8
*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 2001) ..... 11
*Opoka v. I.N.S.*, 94 F.3d 392 (7th Cir. 1996) ..... 11
*Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978 (7th Cir. 2007) ..... 2

**State Cases**

*Aquila, Inc. v. Superior Court*, 148 Cal. App. 4th 556, 55 Cal. Rptr. 3d 803 (2007) ..... 11
*Barney v. Aetna Cas. & Sur. Co.*, 185 Cal. App. 3d 966, 230 Cal. Rptr. 215 (1986) ..... 8
*Borg v. Transamerica Ins. Co.*, 47 Cal. App. 4th 448, 54 Cal. Rptr. 2d 811 (1996) ..... 6, 9
*California Shoppers, Inc. v. Royal Globe Ins. Co.*, 175 Cal. App. 3d 1, 221 Cal. Rptr. 171 (1985) ..... 7
*Century Indem. Co. v. Hearrean*, 98 Cal. App. 4th 734, 120 Cal. Rptr. 2d 66 (2002) ..... 4
*Continental Cas. Co. v. Zurich Ins. Co.*, 57 Cal.2d 27, 17 Cal. Rptr. 12 (1961) ..... 10
*Fireman's Fund Ins. Co. v. Maryland Casualty Co.*, 65 Cal. App. 4th 1279, 77 Cal. Rptr. 2d 296 (1998) ..... 10
*Horace Mann Ins. Co. v. Barbara B*, 61 Cal. App. 4th 158, 71 Cal. Rptr. 2d 350 (1998) ..... 10
*Montrose Chem. Corp. v. Super. Ct.*, 6 Cal. 4th 287, 24 Cal. Rptr. 2d 467 (1993) ..... 6
*Montrose Chem. Corp. v. Admiral Ins. Co.* 10 Cal. 4th 645, 42 Cal. Rptr. 2d 324 (1995) ..... 5
*Novak v. Low, Ball & Lynch*, 77 Cal. App. 4th 278, 91 Cal. Rptr. 2d 453 (1999) ..... 9
*OneBeacon Am. Ins. Co. v. Fireman's Fund Ins. Co.*, 175 Cal. App. 4th 183, 95 Cal. Rptr. 3d 808 (2009) ..... 7
*Pepperell v. Scottsdale Ins. Co.*, 62 Cal. App. 4th 1045, 73 Cal. Rptr. 2d 164 (1998) ..... 4, 5
*Qualified Patients Ass'n v. City of Anaheim*, 187 Cal. App. 4th 734, 115 Cal. Rptr. 3d 89 (2010) ..... 8
*San Gabriel Valley Water Co. v. Hartford Acc. & Indem. Co.*, 82 Cal. App. 4th 1230 (2000) ..... 10
*Standun, Inc. v. Fireman's Fund Ins. Co.*, 62 Cal. App. 4th 882, 73 Cal. Rptr. 2d 116 (1998) ..... 6
*Sterling v. Title Ins. & Trust Co.*, 53 Cal. App. 2d 736, 128 P.2d 31 (1942) ..... 7

**State Statutes**

Cal. Civ. Code § 19 ..... 7
Cal. Code Civ. Proc. § 1909 ..... 7

**Federal Rules**

Fed. R. Evid. 401-403, 602, 701, 702, 704, 801, 802, 1002 ..... 11, 12, 13



NEWMEYER & DILLION LLP

**1. PREFATORY STATEMENT.**

In compliance with the Court's Orders (Dkts. 77, 84), KB will not address legal or factual arguments past the 18th page of the memorandum of points and authorities in its moving papers (Dkt. 54), nor will it address those portions of Travelers' opposition (Dkt. 87) that are directed toward argument that is beyond the 18th page of KB's memorandum of points and authorities.

**2. THERE ARE NO TRIABLE ISSUES ON ANY MATERIAL FACT.**

Summary judgment shall be granted if the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986). Material facts are those that may affect the outcome of the suit. *Id.* at 248. A party "may not rely merely on allegations or denials in its own pleading;" rather, it must present "specific facts showing a genuine issue for trial." *Hernandez v. City of Napa*, 781 F. Supp. 2d 975, 989 (N.D. Cal. 2011). "Conclusory, speculative testimony in affidavits and moving papers is insufficient to raise genuine issues of fact and defeat summary judgment." *Id.* (*citing Soremekun v. Thrifty Payless, Inc.* 509 F.3d 978, 984 (9th Cir.2007). Not only has KB met its burden of presenting undisputed evidence that Travelers breached its duty to defend KB and forfeited any right to control KB's defense, but Travelers has failed to raise any triable issue of material fact to the contrary.

**3. TRAVELERS FAILED TO PROVIDE AN IMMEDIATE DEFENSE.**

**A. The Duty To Defend Under The 2003-2004 Policy Was Triggered Upon Tender.**

Travelers does not dispute that KB tendered defense of the *Davis* Action on July 6, 2012. Dkt. 87, at 6:15-16. Travelers does not dispute that Norcraft Policy Number TCSJ-GLSA-118D2170-TIL, effective 10/21/03 to 10/21/04 (the "2003-2004 Policy") contains an endorsement for Additional Insured-Owners, Lessees or Contractors (Form B) form CG 20 10 1185 which names "K.B. Homes South Bay its affiliates and subsidiaries" as insureds in the schedule ("2010 1185 Endorsement"). Dkt. 87, Opposition at 5:7-10. Travelers does not dispute that KB is entitled to a defense under the Norcraft policies. Travelers also does not dispute that the *Davis*



NEWMEYER & DILLION LLP

Action complaint contained allegations sufficient to trigger a defense under the Norcraft policies.

Travelers' opposition argument can be distilled to a few points, all of which are wrong. Travelers argues that its duty to defend was not triggered until Pamela Colouris received a copy of the Norcraft subcontract because the blanket additional insured endorsements on the policies require that Norcraft agree in a written contract to name KB as an insured under the Norcraft policies. To succeed, Travelers must establish that there was no potential for coverage under the 2003-2004 Policy which specifically names KB as an insured pursuant to the 2010 1185 Endorsement and therefore does not require a written contract with Norcraft to trigger Travelers' defense duty. Travelers cannot succeed. Travelers first represents that the 2010 1185 Endorsement contains language stating it applies only to liability arising out of the insureds' "ongoing operations." Dkt. 87, Opposition at 9-12. This is incorrect. The 2010 1185 Endorsement is not limited to the "ongoing operations" of the insured during the policy period, but also covers completed operations:

> WHO IS AN INSURED (Section II) is amended to include as an insured the person or organization shown in the Schedule, but only with respect to liability arising out of "your work" for that insured by or for you.

Dkt. 91, Ex. B, 2003-2004 Policy at ST PAUL 0001037.

Second, Travelers claims that KB never tendered its defense under the 2003-2004 Policy and Travelers was somehow within its rights to provide a defense under only the 2011-2012 Policy. Dkt. 87, Opposition at 6:27 to 7:8. This is also incorrect. KB's tender letter specifically references two policies in the "Re:" line, the 2002-2003 Policy and the 2003-2004 Policy. Dkt. 55-5, Appendix of Exhibits at Ex. 15. Travelers cites no law for its assertion that it may pick and choose under which of the Norcraft policies to provide a defense. For Travelers to defend only under a policy with more restrictive additional insured endorsements, where coverage is also afforded under another policy providing better protection to the insured, is a breach of Travelers' fiduciary duty to its insured.

Third, Travelers argues there was no potential for coverage under the 2003-2004 Policy because the *Davis* Action complaint alleged only damage that occurred after 2005, i.e., after



NEWMEYER & DILLION LLP

expiration of the 2003-2004 policy. Dkt. 87, Opposition at 12:24 to 13:11. Nothing could be further from the truth. Enclosed with KB's tender letter to Travelers were several documents, including the *Davis* Action complaint and the homeowner matrix which listed, among other information, the close of escrow dates of the homes involved in the *Davis* Action. Dkt. 54-3, Glaspy Declaration at ¶ 4; Dkt. 55-5 to 55-6, Appendix of Exhibits at Ex. 15. The *Davis* Action complaint alleges that, "[***a]t the time of purchase by Plaintiffs***, the PROPERTY was defective . . . . The defects include . . . . cabinet and wood trim defects . . . ." Dkt. 55-5, Appendix of Exhibits at Ex. 15 at ¶ 13 (TRV 0003529) (emphasis added). In addition, the homeowner matrix listed 10 homes with close of escrow dates between October 21, 2003 and October 21, 2004, placing construction and sale of the homes squarely within the 2003-2004 policy period. Dkt. 55-6, Appendix of Exhibits at Ex. 15 (TRV 0003557-58). Therefore, a potential for coverage existed under the 2003-2004 Policy as of the date of tender on July 6, 2012.

Travelers misstates the law by arguing that coverage under the 2003-2004 Policy is not triggered because the *Davis* Action complaint alleges that property damage manifested after purchase of the homes, i.e, after the 2003-2004 Policy expired. Travelers argues that the homeowners could not have suffered any damages resulting from the alleged construction deficiencies of homes until such time as they owned the property. This is also wrong. Travelers' defense obligation is triggered not when the homeowner plaintiffs bought the home, but, rather, when the property damage potentially occurred. In *Century Indem. Co. v. Hearrean*, 98 Cal. App. 4th 734, 741, 120 Cal. Rptr. 2d 66 (2002) the court made clear that the "question raised by the policy language is not when . . . [the current property owner] was damaged; it is, instead, when the property now owned by [the current property owner] was damaged." Here, the potential for coverage exists because the property damage alleged by the *Davis* plaintiffs resulted from a ***progressively and continuously deteriorating process***.

In *Pepperell v. Scottsdale Ins. Co.*, 62 Cal. App. 4th 1045, 73 Cal. Rptr. 2d 164 (1998), the Court of Appeal held that the continuous injury trigger of coverage dictates that a developer has liability coverage for alleged construction defects under a CGL policy in effect at time of construction, even if the damages have not yet manifested. The court in *Pepperell* addressed



NEWMEYER & DILLION LLP

similar facts to those in the case at bar, and rejected the insurance company's argument that coverage was not triggered. *Pepperell* involved a single family residence that was constructed by developer Pepperell Enterprises. The house was completed in November 1988. Scottsdale's comprehensive general liability policy was in effect during the construction of the home, from May 31, 1988 to May 31, 1989. The complaint alleged various design and construction defects involving all aspects of the construction, including defective design and construction of the foundation, landscaping, drainage, retaining walls, roofs, decks and balconies. The complaint alleged that the defects were not discovered until "on or about March 8, 1991, when they began to manifest themselves to varying degrees." Scottsdale declined to defend because "the defects being claimed did not manifest themselves until on or about March 8, 1991, which was after the expiration of the policy." Thus, Scottsdale contended that there was no coverage and there would be no defense or indemnification. *Id.* at 1049.

The *Pepperell* court looked to *Montrose Chem. Corp. v. Admiral Ins. Co.* ("*Montrose II*"), 10 Cal. 4th 645, 42 Cal. Rptr. 2d 324 (1995), and held that Scottsdale's position was incorrect because the "continuance injury" trigger of coverage must be applied as a matter of law. The court held that Scottsdale's argument "rests on the invalid proposition that the damage must be manifested within the policy. The *Montrose II* court definitively rejected that proposition." *Pepperell*, 62 Cal. App. 4th at 1052. The *Pepperell* court then reviewed the allegations of the complaint, which are typical construction defect litigation allegations, and the assertion that these latent and hidden defects were not discovered until on or about March 8, 1991 when they began to manifest themselves to varying degrees. The court concluded:

> The clear implication of the Complaint is that there existed – at least potentially – a covered event, i.e., a continuing and progressively deteriorating process which began with defective design and construction admittedly within the pertinent policy. That being the case, unless there are exculpatory facts, such as policy exclusions on the duty to defend where the ultimate issue of coverage, or meritorious affirmative defenses to coverage which might be available to the insurer (facts which do not affirmatively appear in the record before us) Scottsdale had a duty to defend Pepperell.

*Id.* at 1055. In this case, the homeowner matrix provided to Travelers on July 6, 2012 lists 10



NEWMEYER & DILLION LLP

homes in the *Davis* Action with close of escrow dates between October 21, 2003 and October 21, 2004, the effective period of the 2003-2004 Policy. Certainly, the alleged property damage could have occurred over time, from 2003 -- when the homes were being constructed -- through 2012, when the *Davis* Action complaint was filed. *Id.*; *see also Montrose II*, 10 Cal. 4th at 645.

At the time of tender, Travelers was simply not in a position to know when all the alleged damage to the *Davis* Action plaintiffs' property arising out of Norcraft's work actually occurred. That information will be discerned, if at all, through expert analysis and testimony in the *Davis* Action, which is ongoing. Travelers has not, and cannot, establish the absence of the potential for coverage because it has not eliminated the possibility that damages occurred within its policy periods. Therefore, the property damage could have occurred during the inception of 2003-2004 Policy and Travelers' duty to defend KB under that policy was triggered no later than the end of July 2012 when it was in possession of the *Davis* Action complaint, the homeowner matrix with close of escrow dates, and its own 2010 1185 Endorsement on the 2003-2004 Policy. By waiting until November 7, 2012 to acknowledge a duty to defend KB under any policy, Travelers breached its obligation to defend KB under the 2003-2004 Policy.

### B. Travelers Had Possession Of The Norcraft Subcontracts Which Triggered Travelers' Defense Duty Under Blanket Additional Insured Endorsements.

"The determination whether an insurer owes a duty to defend is made in the first instance by comparing the allegations of the complaint with the terms of the policy." *Montrose Chem. Corp. v. Super. Ct.*, 6 Cal. 4th 287, 295, 24 Cal. Rptr. 2d 467 (1993) ("*Montrose I*") (quoting *Gray v. Zurich Ins. Co.*, 65 Cal. 2d 263, 276, 54 Cal. Rptr. 104 (1966)). "The inquiry should first focus on the allegations of the complaint, but the insured may rely on extrinsic evidence to give rise to a duty to defend." *Standun, Inc. v. Fireman's Fund Ins. Co.*, 62 Cal. App. 4th 882, 889, 73 Cal. Rptr. 2d 116 (1998). Where there is any doubt as to whether the duty to defend exists, the doubt must be resolved in favor of the insured and against the insurer. *Borg v. Transamerica Ins. Co.*, 47 Cal. App. 4th 448, 455, 54 Cal. Rptr. 2d 811 (1996).

Travelers argues that Pamela Colouris, the additional insured adjuster assigned to handle the *Davis* Action tender, cannot be charged with knowledge that subcontracts existed between KB



NEWMEYER & DILLION LLP

NEWMEYER & DILLION LLP

and Norcraft because a different adjuster, Patricia Dlugokenski, was assigned to handle the *Aldrich* Action tender which involved the same subcontractor (Norcraft) and the same residential projects as *Davis*. In essence, Travelers argues that, in order to avoid a duty to defend, a carrier may play a shell game with its adjusters and force insureds to navigate artificial obstacles and repeatedly provide documentation that the carrier clearly already has in its possession. This is not the law. As discussed in KB's moving papers, Travelers must be charged with actual and/or constructive knowledge of the Norcraft subcontracts due to the heavily litigated *Aldrich* Action in which Travelers itself submitted copies of the very subcontracts it claims Ms. Colouris could not have found with the exercise of due diligence. Dkt. 54, KB's Motion at 14:8-17. The totality of facts and circumstances established by KB's undisputed facts show that Travelers was on inquiry notice by virtue of receiving a second defense tender (the *Davis* tender) for homes in the same residential projects that were litigated in the *Aldrich* Action, and with any diligence would have discovered the Norcraft subcontracts in its own files. *See California Shoppers, Inc. v. Royal Globe Ins. Co.*, 175 Cal. App. 3d 1, 37, 221 Cal. Rptr. 171 (1985) ("[T]he law will charge a party with notice of all those facts which he might have ascertained had he diligently pursued the requisite inquiry"); *see also* Cal. Civ. Code § 19 (defining constructive notice); *Sterling v. Title Ins. & Trust Co.*, 53 Cal. App. 2d 736, 748-49, 128 P.2d 31 (1942) (citing cases in which parties are charged with constructive notice because their situations impose a duty to pursue the inquiry suggested; *OneBeacon Am. Ins. Co. v. Fireman's Fund Ins. Co.*, 175 Cal. App. 4th 183, 200, 95 Cal. Rptr. 3d 808 (2009) (although the duty to defend ordinarily arises after receipt of an actual tender of defense, it may arise upon receipt of "constructive notice" of the contractual duty to defend).

### C. <u>Cal. Code Civ. Proc. § 1909 Does Not Apply.</u>

Travelers latches onto the language of Code of Civil Procedure section 1909 to assert that Travelers is entitled to a presumption in its favor on the issue of whether it provided an immediate defense to KB. Section 1909 is part of a series of Code of Civil Procedure sections codifying the related doctrines of res judicata and "law of the case." Applicability is extremely limited. With respect to section 1909, "the prior decision is the law of the case ***only in so far as the facts are***

NEWMEYER & DILLION LLP

***the same.***" *In re Campbell*, 35 F. Supp. 100, 101 (S.D. Cal. 1940) (emphasis added) (the principle of the "law of the case" does not apply if the prior decision was made on the evidence, and the evidence in the second hearing is different, the prior decision being the law of the case only in so far as the facts are the same).

It is preposterous for Travelers to argue a collateral estoppel effect of an order from another District Court granting in part and denying in part Traveler's motion for partial summary judgment in another case pending in the Central District of California. Dkt. 88, Travelers' Request of Judicial Notice at Exs. B-C. That case involved a different tender under a different policy to a different subcontractor regarding a different construction defect action alleging different construction defects at different homes. Travelers makes no showing of any correlation between the facts of that case and the facts of this case. Further, federal orders have no binding effect and certainly should not affect this Court's independent review. *See, e.g., Qualified Patients Ass'n v. City of Anaheim*, 187 Cal. App. 4th 734, 764, 115 Cal. Rptr. 3d 89 (2010) ("decisions of the lower federal courts are not binding precedent . . ., particularly on issues of state law"). Moreover, the orders upon which Travelers relies can only be judicially noticed as to their existence, not the findings within. *See* KB's Evidentiary Objections below.

**4. <u>A TEMPORARY "COURTESY DEFENSE" IS NOT A COMPLETE DEFENSE; TRAVELERS' SECRET SETTLEMENT IS IMPROPER AND UNDER CHALLENGE.</u>**

Travelers again misstates the law in asserting that it has an absolute unfettered right to control settlement of claims in the *Davis* Action. While insurance carriers are generally vested with the power to settle claims, as discussed in KB's moving papers, carriers are barred from using their claim settlement power in a way that would injure the insured's rights. Dkt. 54, KB's Motion at 17:4 to 18:23. It must be noted that Travelers does not even attempt to convince the Court that the secret settlement was in KB's best interests. Rather, Travelers argues it can settle a claim in any manner it chooses because it has an absolute right to do so. Travelers flatly ignores case law stating that it may not ignore its insured and take refuge in the fine print of the policy. *Barney v. Aetna Cas. & Sur. Co.*, 185 Cal. App. 3d 966, 977, 230 Cal. Rptr. 215 (1986). Neither

may Travelers settle only a portion of the claims being asserted against KB so as to abandon KB to defend itself against the remaining claims. *Novak v. Low, Ball & Lynch*, 77 Cal. App. 4th 278, 284-84, 91 Cal. Rptr. 2d 453 (1999).

Here, the Release Agreement between Travelers and counsel for the *Davis* plaintiffs is clearly outside the norm and raises numerous red flags regarding its true purpose. The two entities it purports to release, Norcraft and KB, are not even parties to the agreement. Travelers never notified KB in advance that it was discussing settlement and gave KB no opportunity to have input regarding terms that would protect KB's interests. Dkt. 85-1, Glaspy Declaration at ¶¶ 2-3. The Release Agreement was negotiated by coverage counsel for Travelers, not counsel for Norcraft, and is signed by Travelers, not Norcraft. While counsel for the *Davis* Action plaintiffs represents that he had authority to enter into the agreement, that is hardly sufficient to establish that the agreement is binding on any plaintiff. Any *Davis* Action plaintiff could defeat the Release Agreement by asserting that counsel did not have authority to sign it. Indeed, while the Release Agreement contains a so-called Certification of Authority from homeowners' counsel, Milstein & Adelman LLP, that certification provides no certainty or peace of mind to KB where the Release Agreement fails to attach any document signed by the homeowners granting such authority.

The deficiencies with the Release Agreement are being challenged by KB in a motion to contest the alleged good faith settlement between Travelers and the homeowners' attorneys. Dkt. 85-1, Glaspy Declaration at ¶¶ 2-3. "[W]hen a suit against an insured alleges a claim that potentially or even possibly could subject the insured to liability for covered damages, an insurer must defend unless and until the insurer can demonstrate, by reference to undisputed facts, that the claim cannot be covered." *Borg v. Transamerica Ins. Co.*, 47 Cal. App. 4th 448, 455, 54 Cal. Rptr. 2d 811 (1996). Travelers cannot demonstrate by undisputed facts that it no longer as a duty to defend KB in the *Davis* Action due to the purported Release Agreement. As such, its withdrawal from KB's defense on October 20, 2014 constituted yet another breach of its duty to provide KB with a complete defense of the *Davis* Action.

**5. <u>KB HAS NOT RECEIVED A FULL DEFENSE FROM ANY CARRIER IN THE *DAVIS* ACTION.</u>**

Travelers argues that it cannot have breached any duty to defend KB because KB has at all times been fully defended by State Farm, another carrier who has acknowledged its duty to defend in the *Davis* Action. That is also untrue. KB has presented evidence in its moving papers that of $148,551.00 in defense fees and costs incurred to date in the *Davis* Action, there remains an outstanding balance of $51,735.89 which is unpaid by any carrier, Travelers or State Farm. In addition, KB has paid $22,686.09 toward the defense of the *Davis* Action, of which at least $21,000 should be reimbursed by the carriers. Dkt. 54-3, Glaspy Declaration at ¶ 14. Travelers does not, and cannot, rebut KB's evidence there are significant unpaid defense fees and costs in the *Davis* Action. Travelers also does not dispute KB's evidence that KB has been compelled to pay for defense fees and costs that should have been paid by carriers with an obligation to defend KB, including Travelers.

The cases cites by Travelers merely stand for the long-standing rule that "an insured is entitled to only a single defense and an insurer that has borne the responsibility and cost of that defense is itself entitled to a sharing or contribution by the other responsible insurers." *San Gabriel Valley Water Co. v. Hartford Acc. & Indem. Co.*, 82 Cal. App. 4th 1230, 1241 (2000) (citing *Horace Mann Ins. Co. v. Barbara B*, 61 Cal. App. 4th 158, 164, 71 Cal. Rptr. 2d 350 (1998); *Continental Cas. Co. v. Zurich Ins. Co.*, 57 Cal.2d 27, 37, 17 Cal. Rptr. 12 (1961); *Fireman's Fund Ins. Co. v. Maryland Casualty Co.*, 65 Cal. App. 4th 1279, 1289, 1295, 77 Cal. Rptr. 2d 296 (1998)). This is not the case here. KB does not seek more than a single, full defense from its carriers. No insurer, Travelers or State Farm, has born the full responsibility and cost of KB's defense in the *Davis* Action. The undisputed facts establish that KB has not been fully defended. As such, KB may pursue its remedies against Travelers as a breaching insurer.

**6. <u>TRAVELERS' EVIDENTIARY OBJECTIONS VIOLATE LOCAL RULES.</u>**

Travelers filed Evidentiary Objections to evidence submitted in support of KB's motion for partial summary judgment. Dkt. 89. However, Civil Local Rule 7-3 requires that "[a]ny evidentiary and procedural objections to the motion must be contained within the brief or

memorandum. Pursuant to Civil L.R. 7-4(b), such brief or memorandum may not exceed 25 pages of text." Travelers' Evidentiary Objections are not contained within its opposition brief and would nevertheless exceed the page limitations because Travelers' opposition (Dkt. 87) is already 25 pages of text. For these reasons, KB respectfully requests that the Court strike and refuse to consider Travelers evidentiary objections.

**7. <u>KB'S EVIDENTIARY OBJECTIONS.</u>**

KB objects to the following evidence pursuant to the Federal Rules of Civil Procedure 56(e) and the Federal Rules of Evidence specified below.

**A. <u>Objection To Travelers' Request For Judicial Notice (Dkt. 88).</u>**

KB objects to Travelers' Request for Judicial Notice, Exhibits B-E and G. Judicial notice can only establish that these documents exist, not the truth of the matters asserted in the documents. A court may take judicial notice of a document filed in another court "not for the truth of the matters asserted in the other litigation, but rather to establish the fact of such litigation and related filings." *See Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001); *Opoka v. I.N.S.*, 94 F.3d 392, 395 (7th Cir. 1996). Thus, while a court may judicially notice another court's order, it may not accept that court's findings of fact as true. *Opoka,* 94 F.3d at 395. In addition, judicial notice cannot be taken of matters not relevant to the present action. While a court may take judicial notice of a variety of matters, "only *relevant* material may be noticed." *Aquila, Inc. v. Superior Court*, 148 Cal. App. 4th 556, 569, 55 Cal. Rptr. 3d 803 (2007). Exhibits B-H and J are irrelevant, as they concern different cases with different facts. Fed. R. Evid. 401 (defining relevant evidence); Fed. R. Evid. 402 (only relevant evidence is admissible).

**B. <u>Objection To Declaration of Angela Martin (Dkt. 87-1).</u>**

KB objects to Exhibits B, C, D, and E attached to the Declaration of Angela Martin on the grounds that they are not relevant and constitute inadmissible hearsay. The documents bear no consequence in determining this action. Fed. R. Evid. 401 (defining relevant evidence); Fed. R. Evid. 402 (only relevant evidence is admissible). As discussed in Section 5 above, while Travelers is entitled to a credit for defense fees and costs paid by State Farm, the undisputed facts establish that KB has not been fully defended by any carrier in the *Davis* Action. Danger of



NEWMEYER & DILLION LLP

prejudice substantially outweighs any possible probative value. Fed. R. Evid. 403. The documents also constitute hearsay not subject to any exception. Fed. R. Evid. 801. As Travelers' evidence confirms, Travelers deposed Steve McAlister, the person most knowledgeable on behalf of State Farm regarding the *Davis* Action tender, on September 11, 2014. Dkt. 87-3, Ex. F. Travelers had ample opportunity to obtain State Farm's testimony regarding Exhibits B, C, D, and E, but chose not to.

**C. Objections To Declaration of Pamela Colouris (Dkt. 90).**

**(1) Paragraph 8.**

"KB provided a copy of the Davis Action complaint, a homeowners' matrix, certificates of insurance, and additional insured forms related to expired policies with its tender."

**Objections:** KB objects only to the term "expired policies" as the testimony mischaracterizes Exhibit C. Improper lay opinion testimony as to whether or not the policies are "expired" as a matter of coverage law. Fed. R. Evid. 701. The insurance documents speak for themselves. Fed. R. Evid. 403, 602, 1002. Danger of prejudice substantially outweighs any possible probative value. Fed. R. Evid. 403 and 704.

**(2) Paragraph 29 and Exhibit Q.**

"On March 24, 2014, the Collinsworth Firm notified me in writing that KB refused to permit it to associate into the Davis Action as defense counsel. A true, full, and correct copy of the March 24, 2014, letter is attached and incorporated herein as Exhibit Q."

**Objections:** Testimony and Exhibit Q is hearsay. Fed. R. Evid. 801 and 802. Testimony that "KB refused to permit it to associate into the Davis Action" mischaracterizes Exhibit Q, which never uses those words. Fed. R. Evid. 403, 701. Lacks personal knowledge as to any communications between KB and the Collinsworth Firm. Fed. R. Evid. 602, 801 and 802. Improper conclusory and improper opinion ineptly masquerading as fact. Fed. R. Evid. 602, 701, 702 and 704. Danger of prejudice substantially outweighs any possible probative value. Fed. R. Evid. 403 and 704.

**(3) Paragraph 31.**

"Pursuant to a settlement and release agreement, the homeowners in the Davis Action

settled and released their claims related to the work of Norcraft on or about October 16, 2014."

**Objections**: Testimony is hearsay. Fed. R. Evid. 801 and 802. Testimony is improper lay opinion regarding the legal effect of any settlement and release agreement. Fed. R. Evid. 602, 701, 702, 704. The settlement and release agreement speak for themselves. Fed. R. Evid. 403, 602, 1002. Lacks personal knowledge as to the settlement and release agreement as there is no evidence that Ms. Colouris had any involvement whatsoever with negotiating, drafting, or finalizing the settlement and release agreement. Fed. R. Evid. 602, 801 and 802. Danger of prejudice substantially outweighs any possible probative value. Fed. R. Evid. 403 and 704.

## 8. CONCLUSION.

Travelers has failed to dispute the material facts which establish that it has continuously and repeatedly breached its contractual obligations under the Norcraft policies to provide KB with an immediate and complete defense of the *Davis* Action. KB has been damaged by Travelers' actions in that Travelers' withdrawal from KB's defense has left KB with a currently outstanding balance for defense fees and costs of over $50,000, which costs will continue to accrue as the *Davis* Action is still ongoing. As such, KB respectfully requests that the Court grant partial summary judgment in KB's favor on the following issues: (1) Travelers breached its duty to provide KB with an immediate defense of the *Davis* Action; (2) Travelers breached its duty to provide KB with a complete defense of the *Davis* Action; (3) Travelers' duty to defend KB in the *Davis* Action was triggered no later than the end of July 2012; and (4) Travelers breached its duty to defend KB in the *Davis* Action by waiting until November 7, 2012 to acknowledge its duty to defend KB.

Dated: November 24, 2014

NEWMEYER & DILLION LLP

By: */s/ C. Kendie Schlecht*
John A. O'Hara
Michael J. Studenka
C. Kendie Schlecht
Attorneys for Defendants/Counterclaimants

# CERTIFICATE OF SERVICE

*Travelers Prop. Cas. Co. of America v. Kaufman & Broad Monterey Bay, Inc., et al.*
USDC Northern District Case No. CV 13-04745 EJD (PSGx)

STATE OF CALIFORNIA )
) ss.
COUNTY OF ORANGE )

I, Dee Novoa, declare:

I am a citizen of the United States and employed in Orange County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 895 Dove Street, 5th Floor, Newport Beach, California 92660. On November 24, 2014, I served a copy of the within document(s):

**KB'S REPLY BRIEF IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT; REQUEST TO STRIKE TRAVELERS' EVIDENTIARY OBJECTIONS; KB' EVIDENTIARY OBJECTIONS**

☒ (BY CM/ECF SYSTEM – VIA NOTICE OF ELECTRONIC FILING ("NEF") I certify that on the date referenced above, I electronically transmitted the document(s) listed for submission to the United States District Court Northern District, using the ECF System required for filing and transmission of Electronic Notices to the ECF registrants/recipients registered with the United States District Court Northern District at the e-mail address(es) set forth below.

☐ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Newport Beach, California addressed as set forth below.

☐ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

A. Eric Aguilera, Esq.
Kari M. Myron, Esq.
Jason Chao, Esq.
Angela Martin, Esq.
THE AGUILERA LAW GROUP, APLC
650 Town Center Drive, Ste. 100
Costa Mesa, CA 92626

Tel: (714) 384-6600
Fax: (714) 384-6601
Email: eaguilera@aguileragroup.com
Email: kmyron@aguileragroup.com
Email: jchao@aguileragroup.com
Email: amartin@aguileragroup.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on November 24 2014, at Newport Beach, California.

*/s/ Dee Novoa*
Dee Novoa



NEWMEYER & DILLION LLP