UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KAUFMAN & BROAD MONTEREY BAY, INC.; K&B BAKEWELL SEASIDE VENTURE, LLC; AND KB SOUTH BAY, INC.,<br><br>Defendants. | Case No. 5:13-cv-04745-EJD<br><br>**ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 52, 54 |

Presently before the court are Plaintiff Travelers Property Casualty Company of America's ("Plaintiff") and Defendants Kaufman & Broad Monterey Bay, Inc., K&B Bakewell Seaside Venture, LLC, and KB Home South Bay, Inc.'s (collectively, "Defendants") Motions for Partial Summary Judgment. The court found these matters suitable for decision without oral argument pursuant to Civil Local Rule 7-1(b) and previously vacated the hearing. Having fully reviewed the parties' briefing, the court GRANTS Plaintiff's Motion for Partial Summary Judgment and DENIES Defendants' Motion for Partial Summary Judgment.

**I.    BACKGROUND**

Plaintiff issued nine commercial general liability policies to Norcraft Companies, LLC (later Norcraft Companies, L.P.) ("Norcraft") covering the policy periods between December 2002 and November 2011. Dkt. No. 1, Compl. at ¶ 8. Under the terms of the policies, Plaintiff committed to defend Norcraft or an additional insured against lawsuits for bodily injury or property damage. Id. at ¶¶ 10-12. The policies also reserved Plaintiff's right to retain counsel of its choosing for the insured's defense, and the insured was bound to cooperate with Plaintiff. Id.

Case No. 5:13-cv-04745-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

at ¶ 9.

Defendants hired Norcraft as a subcontractor to perform cabinet work for a residential development project in Monterey County, California. Dkt. No. 8-3, Counterclaim at ¶¶ 9, 15. Norcraft provided Defendants with certificates of insurance, including two policies that named Defendants as an additional insured, to demonstrate that it had obtained comprehensive general liability insurance from Plaintiff. Id. at ¶¶ 15, 24.

In February 2012, homeowners of the Monterey residential development project filed a lawsuit in Monterey County Superior Court against Defendants alleging strict product liability, breach of contract, and tort causes of action: Davis, et al. v. Kaufman & Broad Monterey Bay, Inc., et al., No. M116168 (the "Davis action"). Compl. at ¶ 15; Counterclaim at ¶ 10. In July 2012, Defendants, through its legal representative Glaspy & Glaspy (the "Glaspy Firm"), tendered the Davis action to Plaintiff because it was an additional insured under the Norcraft policies. Compl. at ¶ 16; Counterclaim at ¶ 16. Plaintiff agreed to defend Defendants in the Davis action, and retained Jennifer Wilhelmi ("Counsel Wilhelmi") of Clapp, Moroney, Bellagamba, Vucinich, Beeman & Scheley (the "Clapp Firm"). Compl. at ¶ 17; Counterclaim at ¶ 17. Defendants opposed the appointment of the Clapp Firm because the firm was ethically conflicted from representing Defendants since it had represented parties adverse to Defendants in other cases pertaining to similar issues as the Davis action. Id. at ¶ 20.

Plaintiff commenced the instant action in October 2013, alleging that Defendants' refusal of appointed counsel is a material breach of the Norcraft policies and of the implied covenant of good faith and fair dealing. Compl. at ¶ 18. Its claims include: (1) declaratory relief—right to independent counsel; (2) declaratory relief—duty to defend; (3) breach of contract; and (4) unjust enrichment. See Compl. Defendants filed a counterclaim in November 2013, alleging that Plaintiff did not intend to provide Defendants with an immediate, full, complete, and conflict-free defense because Plaintiff knew about the Clapp Firm's ethical conflicts. Counterclaim at ¶¶ 20-21. Its claims include: (1) declaratory relief; (2) breach of contract; and (3) breach of the implied

2

covenant of good faith and fair dealing. See Counterclaim. In November 2014, the parties filed the instant cross-motions for partial summary judgment, which have been fully briefed. See Dkt. Nos. 52, 54, 86, 87, 102, 103.[1]

## II.     LEGAL STANDARD

A motion for summary judgment or partial summary judgment should be granted if "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); Addisu v. Fred Meyer, Inc., 198 F.3d 1130, 1134 (9th Cir. 2000). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions, answers to interrogatories, admissions, or affidavits that demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). If the moving party meets this initial burden, the burden then shifts to the non-moving party to go beyond the pleadings and designate specific materials in the record to show that there is a genuinely disputed fact. Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324. The court must draw all reasonable inferences in favor of the party against whom summary judgment is sought. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

However, the mere suggestion that facts are in controversy, as well as conclusory or speculative testimony in affidavits and moving papers, is not sufficient to defeat summary judgment. See Thornhill Publ'g Co. v. GTE Corp., 594 F.2d 730, 738 (9th Cir. 1979). Instead, the non-moving party must come forward with admissible evidence to satisfy the burden. Fed. R. Civ. P. 56(c); see Hal Roach Studios, Inc. v. Feiner & Co., Inc., 896 F.2d 1542, 1550 (9th Cir. 1990).

A genuine issue for trial exists if the non-moving party presents evidence from which a reasonable jury, viewing the evidence in the light most favorable to that party, could resolve the material issue in his or her favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49 (1986);

---

[1] Plaintiff's evidentiary objections to Defendants' declarations and exhibits in support of their motion for partial summary judgment (Dkt. No. 89) are DENIED because this opinion does not rely on those items of evidence.

3
Case No. 5:13-cv-04745-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Barlow v. Ground, 943 F.2d 1132, 1134-36 (9th Cir. 1991). Conversely, summary judgment must be granted where a party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, on which that party will bear the burden of proof at trial." Celotex, 477 U.S. at 322.

### III. DISCUSSION

Due to the parties exceeding the page limitation on the motion briefs, the court notified the parties that it would not review any material contained in the motions past the 25th page of text.[2] See Dkt. No. 77, Order. Consequently, only the following issues will be addressed: (1) whether Plaintiff breached its duty to defend for failing to provide an immediate defense; (2) whether Plaintiff breached its duty to defend for failing to provide a complete defense; and (3) whether Plaintiff had the right to appoint counsel of its choosing. See Dkt. No. 54, Defendants' Motion ("Def. Mot.") at 6; Dkt. No. 52, Plaintiff's Motion ("Pl. Mot.") at 2.[3]

### A. Plaintiff's Duty to Defend

An insurer has a duty to defend when an insured tenders its defense of any underlying litigation, and any of the claims are at least potentially covered by the insurance policy. Buss v. Super. Ct., 16 Cal. 4th 35, 58-59 (1997); Travelers Prop. v. Centex Homes, 2011 WL 1225982, at *3 (N.D. Cal. Apr. 1, 2011) (Breyer, J.). This duty to defend requires that:

> [T]he insurer must defend immediately. To defend immediately, it must defend entirely. It cannot parse the claims, dividing those that are at least potentially covered from those that are not. To do so would be time consuming. It might also be futile: The "plasticity of modern pleading" allows the transformation of claims that are at least potentially covered into claims that are not, and vice versa.

Buss, 16 Cal. 4th at 49 (internal citations omitted). An insurer breaches its duty to defend when it fails to provide and immediate and complete defense. Hartford Accident & Indem. Co. v. Civil

---

[2] Plaintiff's motion was reviewed through page 13, and Defendants' motion was reviewed through page 18. See Order, Dkt. No. 84.

[3] Page numbers refer to the page number in the heading of the PDF document.

4
Case No. 5:13-cv-04745-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Serv. Emp. Ins. Co., 33 Cal. App. 3d 26, 35 (1973); Travelers Prop., 2011 WL 1225982, at *3.

Here, the parties agree that Plaintiff had a duty to defend Defendants in the Davis action. See Pl. Mot. at 21-22, Def. Mot. at 20.  Thus, the issue is whether Plaintiff breached that duty for failing to provide an immediate and complete defense.

### 1. Immediate Defense

Defendants move for partial summary judgment on the following issue: Plaintiff breached the insurance contract by breaching its duty to provide Defendants with an immediate defense of the Davis action. Def. Mot. at 6.  The duty of providing an immediate defense "aris[es] on tender of defense and last[s] until the underlying lawsuit is concluded or until it has been shown that there is no potential for coverage." Montrose Chem. Corp. v. Super. Ct., 6 Cal. 4th 287, 295 (1993); Travelers Prop. Cas. Co. of Am. v. Centex Homes, 2012 WL 1657121, at *4 (N.D. Cal. May 10, 2012) (Conti, J.).  "The determination whether the insurer owes a duty to defend usually is made in the first instance by comparing the allegations of the complaint with the terms of the policy." Horace Mann Ins. Co. v. Barbara B., 4 Cal. 4th 1076, 1081 (1993).  However, "an insurer must reasonably investigate to determine if a duty to defend exists." Travelers Prop., 2011 WL 1225982, at *4; see Cal. Shoppers Inc. v. Royal Globe Ins. Co., 175 Cal. App. 3d 1, 38 (1985).  "Thus, where an insured tenders an underlying action but fails to provide the insurer with necessary information relevant to a coverage determination, then the insurer need not defend the action upon tender." Travelers Prop. Cas. Co. of Am. v. Centex Homes, 2013 WL 1411135, at *2 (N.D. Cal. Apr. 8, 2013) (Conti, J.).

Here, on July 6, 2012, the Glaspy Firm provided Plaintiff with a notice of tender and a copy of the Davis action complaint that was filed on February 8, 2012. See Dkt. No. 55-5, Exh. 15.  On July 20, Plaintiff's senior technical specialist Pamela Colouris ("Colouris") sent a letter to the Glaspy Firm acknowledging the tender, and informing the Glaspy Firm that in order to complete her investigation, she needed a copy of the subcontract between Norcraft and Defendants. See Dkt. No. 58, Declaration of Pamela Colouris ("Colouris Decl.") at ¶ 6; Dkt. No.

5

Case No. 5:13-cv-04745-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

71, Exh. D. The Glaspy Firm did not respond to this request, thus on October 29, Colouris again contacted the Glaspy Firm. See Colouris Decl. at ¶¶ 7-8; Dkt. No. 71, Exh. E. On the same day, the Glaspy Firm emailed the requested subcontract to Colouris. See Colouris Decl. at ¶ 9; Dkt. No. 71, Exh. E. On November 7, Plaintiff sent a letter to the Glaspy Firm stating that it would defend Defendants in the Davis action. See Colouris Decl. at ¶ 11; Dkt. No. 74, Exh. G. Defendants contend that Plaintiff should have appointed counsel on July 6, when Plaintiff received the tender. Def. Mot. at 21. Since Plaintiff did not agree to appoint counsel until November 7, Defendants argue that Plaintiff failed to provide an immediate defense. Id.

When examined under the authorities cited above, the undisputed facts demonstrate that Defendants are not entitled to summary judgment on the issue of failure to provide an immediate defense. Although the parties agree that Plaintiff was ultimately obligated to defend Defendants against the Davis action, the facts show that Plaintiff's duty did not arise until Plaintiff was provided with all of the information necessary to determine the existence of coverage. Indeed, without a copy of the subcontract between Norcraft and Defendants, Plaintiff could not confirm that Defendants were named as additional insureds on the policies Plaintiff issued to Norcraft. Since Defendants' counsel, the Glaspy Firm, did not provide the subcontract to Plaintiff until October 29, 2012, the court finds that the duty to defend did not arise until that date and not on July 6, 2012, when the Glaspy Firm provided Plaintiff with a copy of the Davis action complaint. Furthermore, since Plaintiff notified the Glaspy Firm that it had accepted the tender approximately one week after receiving a copy of the subcontract, Defendants cannot demonstrate that Plaintiff failed to provide an immediate defense. Accordingly, Defendants' motion on this issue is DENIED.

**2.     Complete Defense**

Defendants also move for partial summary judgment on the following issue: Plaintiff breached the insurance contract by breaching its duty to provide Defendants with a complete defense of the Davis action. Def. Mot. at 6. Defendants assert two arguments.

First, Defendants argue that Plaintiff failed to provide a complete defense because it included extensive limitations upon its duty to defend in its reservation of rights letter. <u>Id.</u> at 23. The reservation of rights letter provides that Plaintiff reserves its rights to: (1) amend or supplement the reservation of rights letter; (2) withdraw its defense if coverage does not apply to the claims; and (3) seek contribution from Defendant for uncovered claims in connection with settlements, or satisfaction of judgments obtained against Defendant. <u>See</u> Dkt. No. 56, Exh. 18. In its motion, however, Defendants do not explain in their one-sentence paragraph how these provisions violate Plaintiff's duty to provide a complete defense, and the court does not find they violate the duty on their face. <u>See</u> Def. Mot. at 23. Thus, given the incompleteness of the argument on this issue, the court will not consider it further.

Second, Defendants contend that Plaintiff entered into a secretly negotiated settlement agreement with plaintiffs' counsel in the <u>Davis</u> action, excluding Defendants and Defendants' counsel, the Glaspy Firm, from those negotiations. Def. Mot. at 23; Dkt. No. 54-3, Declaration of Mary Kay Glaspy ("Glaspy Decl.") at ¶ 11. On this issue, the parties agree that Plaintiff reached a settlement of the claims covered by the Norcraft subcontract and then withdrew from the <u>Davis</u> action once those claims were settled. What they dispute is whether Plaintiff failed to provide a complete defense because it excluded Defendants from the settlement negotiations for the covered claims.

"An insurer that owes a duty to defend an insured, arising because there exists a potential for liability under the policy, has the right to control defense and settlement of the third party action against its insured, and is a direct participant in the litigation." <u>Swanson v. State Farm Gen. Ins. Co.</u>, 219 Cal. App. 4th 1153, 1162 (internal quotations omitted). "'In general, the insurer is entitled to control settlement negotiations without interference from the insured.'" <u>Seltzer v. Barnes</u>, 182 Cal. App. 4th 953, 966-67 (2010) (quoting <u>W. Polymer Tech., Inc. v. Reliance Ins. Co.</u>, 32 Cal. App. 4th 14, 24 (1995)). "'As a result, an insurer normally cannot be liable to the insured if the insurer does no more than settle a claim or suit within the policy's limits.'" <u>Id</u>. In

7

Case No. 5:13-cv-04745-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

addition, an insurer may settle a claim without informing the insured of the settlement, or over an insured's objection. See New Plumbing Contractors, Inc. v. Edwards, Sooy & Byron, 99 Cal. App. 4th 799, 802 (2002). An insurer, however, cannot further its own interests by settling a claim without the insured's consent, such as when the insurer's settlement eliminates the insured's chances for compensation for personal injuries or when the insurer's claims adjustment practices results in an increase in premium revenue from the insured. W. Polymer Tech., Inc., 32 Cal. App. 4th at 26.

Here, the undisputed facts show that in October 2014, Plaintiff entered into a settlement agreement with the Davis action plaintiffs. See Dkt. No. 56-1, Exh. 22. Defendants did not learn of the agreement until after the settlement had been reached. See Glaspy Decl. at ¶ 11. After the settlement, Plaintiff withdrew the defense of the Davis action, which Defendants argue left them to absorb unpaid balances for defense fees and costs incurred by Defendants' counsel. Def. Mot. at 23-24. As a result, Defendants argue that Plaintiff provided an incomplete defense because it settled only a portion of the claims asserted against Defendants, and abandoned Defendants to defend itself against the remaining claims. Id. at 24.

Defendants' arguments, however, are unpersuasive based on this record. Since it is undisputed that Plaintiff had the duty to defend, Plaintiff had the right to control settlement negotiations of the covered claims without Defendants' participation. That Plaintiff settled only the claims that arose out of the work of Norcraft does not make the settlement improper, nor does it indicate that Plaintiff furthered its own interests, and Defendants have not shown that it experienced increased defense fees and costs—outside of what it would have otherwise incurred—due to Plaintiff's withdrawal from the Davis action.

Since Plaintiff fulfilled its contractual duty to defend Defendants against all claims arising out of the work of Norcraft, the court finds that Plaintiff did provide a complete defense. See W. Polymer Tech., Inc., 32 Cal. App. 4th at 27 ("A liability insurance policy's purpose is to provide the insured with a defense and indemnification for third party claims within the scope of the

8
Case No. 5:13-cv-04745-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT; DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

coverage purchased, and not to insure the entire range of the insured's well-being."). Accordingly, Defendants' motion on this issue is DENIED.

B.   **Plaintiff's Right to Appoint Counsel**

Plaintiff moves for partial summary judgment on the following issue: Plaintiff is entitled to a declaration that it has the right to appoint counsel of its choosing. Pl. Mot. at 2. Due to the restriction on the brief's page limit, Plaintiff only had the opportunity to argue that the insurance policy provides Plaintiff with the right to control the defense, and that Plaintiff did not forfeit that right. Id. at 21-25. In opposition, Defendants argue that Plaintiff forfeited its right to appoint counsel because it failed to provide an immediate and complete defense. Dkt. No. 85, Defendants' Opposition at 19.

When the insured tenders a defense, the insurer "will provide a defense and control the litigation with the full cooperation of the insured." Truck Ins. Exch. v. Unigard Ins. Co., 79 Cal. App. 4th 966, 979 (2000); Travelers Prop., 2011 WL 1225982, at *6. "The right to control the defense generally includes the right to select defense counsel." Id. Here, Defendants' motion has been denied as to the issues of failure to provide an immediate or complete defense since the undisputed facts demonstrate that Plaintiff satisfied both duties. With that result, Defendants cannot show that Plaintiff forfeited its right to control the defense. Accordingly, the court finds that Plaintiff had the right to appoint counsel of its choosing. Plaintiff's motion as to this issue is, therefore, GRANTED.

IV.   **CONCLUSION**

Based on the foregoing:

1.   Defendants' motion for partial summary judgment on the issue of whether Plaintiff breached the insurance contract by failing to provide Defendants with an immediate defense is DENIED.

2.   Defendants' motion for partial summary judgment on the issue of whether Plaintiff breached the insurance contract by failing to provide Defendants with a complete

9
Case No. 5:13-cv-04745-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

1          defense is DENIED.

2     3.   Plaintiff's motion for partial summary judgment for a declaration that it had the

3          right to appoint counsel of its choosing is GRANTED.

**IT IS SO ORDERED**.

Dated:  February 11, 2015



EDWARD J. DAVILA
United States District Judge

10

Case No. 5:13-cv-04745-EJD
ORDER GRANTING PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT;
DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT