**THE AGUILERA LAW GROUP, APLC**
A. Eric Aguilera, Esq. (SBN 192390)
Raymond E. Brown, Esq. (SBN 164819)
Angela N. Martin, Esq. (SBN 238426)
650 Town Center Drive, Suite 100
Costa Mesa, CA 92626
T: 714-384-6600 / F: 714-384-6601
eaguilera@aguileragroup.com
rbrown@aguileragroup.com
amartin@aguileragroup.com
Attorneys for plaintiff/counter-defendant
TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

**NEWMEYER & DILLION LLP**
JOHN A. O'HARA, CBN 122377
John.Ohara@ndlf.com
MICHAEL J. STUDENKA, CBN 204956
Michael.Studenka@ndlf.com
C. KENDIE SCHLECHT, CBN 190978
Kendie.Schlecht@ndlf.com
895 Dove Street, 5th Floor
Newport Beach, California 92660
T: 949-854-7000 / F: 949-854-7099
Attorneys for Defendants and Counterclaimants
KB HOME SOUTH BAY INC., KAUFMAN AND BROAD-MONTEREY BAY, INC., and K & B BAKEWELL SEASIDE VENTURE, LLC

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN JOSE BRANCH**

| | |
|---|---|
| TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA, a Connecticut corporation,<br><br>    Plaintiff,<br>  v.<br><br>KAUFMAN & BROAD MONTEREY BAY, INC., a California Corporation, K&B BAKEWELL SEASIDE VENTURE, LLC, a California Limited Liability Company, and KB HOME SOUTH BAY, INC., a California Corporation, and DOES 1 through 10 inclusive,<br><br>    Defendants. | Case No.: 5:13-cv-04745 EJD-PSG<br>Hon. Edward J. Davila<br><br>**JOINT WITNESS LIST**<br><br>Date: April 2, 2015<br>Time: 11:00 a.m.<br>Courtroom: 4, 5th Floor<br><br>**Trial Date: April 14, 2015** |

-1-

1  AND RELATED COUNTERCLAIM(S)         )

2  **TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD HEREIN:**

3     PLEASE TAKE NOTICE that plaintiff/counter-defendant Travelers Property Casualty
4  Company of America ("Travelers") and defendants Kaufman & Broad-Monterey Bay, Inc., K&B
5  Bakewell Seaside Venture, LLC, and KB Home South Bay Inc. (collectively "KB") by and
6  through their attorneys of record hereby submit the following Joint Witness List identifying a list
7  of witnesses likely to be called at trial, other than solely for impeachment or rebuttal, pursuant to
8  the Case Management Order issued on February 11, 2014 [Dkt. 18], Standing Order on Civil
9  Cases dated February 12, 2015; and Minute Order issued December 12, 2014 [Dkt. No. 105], as
10 follows:

| Witness Name (Proffered by) | Substance of Testimony | Est. Time: Direct/Cross |
|---|---|---|
| Pamela Colouris (by Travelers) | Substance of Testimony To Be Elicited By Travelers: Ms. Colouris will testify to KB's tender of its defense and indemnity for the construction defect action styled Davis, et al. v. Kaufman & Broad Monterey Bay, Inc., et al., Monterey County Superior Court case No. M116168 (the "Davis Action"), her acknowledgement and investigation of that tender, her acceptance of that tender, and her efforts to appoint counsel to defend KB in those actions.<br><br>Ms. Colouris will further testify as to the fees and costs incurred in the defense of KB in the Davis Action that she paid on behalf of KB. | 1 hr/ ___ |
| Pamela Colouris (additional insured adjuster handling KB's tender of the Davis action) (by KB) | Substance of Testimony To Be Elicited By KB: Travelers' guidelines, policies, practices and procedures for claims handling, business conduct and business ethics; allocations of the defense of homebuilders by insurers who name the homebuilders as an additional insured under a subcontractor policy; Travelers' actions in responding to KB's tender for defense of the Davis lawsuit; Travelers' actions in responding to KB's tenders for defense related to other construction defect claims; Travelers' management of actions taken by Travelers' employees; the nature and | |

| Witness Name (Proffered by) | Substance of Testimony | Est. Time: Direct/Cross |
|---|---|---|
|  | purpose of the Claims Legal Group and its utilization regarding construction defect claims involving KB; Travelers' pattern and practice relating to responding to tenders by KB, appointing counsel to represent KB, and responding to KB's concerns regarding counsel appointed by Travelers; Travelers' agreement to utilize the Glaspy firm in the Davis matter; Travelers' replacement of the Glaspy firm with the Clapp Moroney firm; Travelers replacement of the Clapp Moroney firm with the Collinsworth firm; Travelers duty to provide KB with a full, complete, immediate and conflict free defense; the implied covenant of good faith and fair dealing; Travelers' document and electronic data retention procedures;   Travelers' relationships with the Glaspy firm, the Clapp Moroney firm, the Collinsworth firm and other firms utilized by Travelers in construction defect cases; Travelers' pattern and practice of behavior toward additional insureds who tender construction defects claims; training provided by Travelers related to conflicts of interest and  construction defect claims handling; Travelers' internal policies or guidelines regarding conflict checks; Travelers' settlement behavior and strategy in the Davis action and in other construction defect actions tendered by KB; Travelers' decision to sue KB in the Davis action and in other construction defect actions tendered by KB; conduct of Travelers and its attorneys in coverage litigation initiated by Travelers against KB; Travelers' communications with other insurers; Travelers' attempts to retaliate against relatives of KB attorneys; communications in the Davis action; authentication of documents. |  |
| Scott Calkins (by Travelers) | Mr. Calkins will testify as to his firm's appointment by Travelers to represent KB and the various conflicts of interest that have been alleged with said representation.  Additionally he will testify about his correspondence with Travelers and KB representatives related to the same. | 30 min/ ___ |

| Witness Name (Proffered by) | Substance of Testimony | Est. Time: Direct/Cross |
|---|---|---|
| Jennifer Wilhelmi (by Travelers) | Substance of Testimony to be Elicited by Travelers: Ms. Wilhelmi will testify as to her firm's appointment by Travelers to represent KB and the various conflicts of interest that have been alleged with said representation. Additionally she will testify about his correspondence with Travelers and KB representatives related to the same. | 30 min/ ___ |
| Jennifer Wilhelmi (Clapp Moroney counsel assigned by Travelers to represent KB) (by KB) | Substance of Testimony to be Elicited by KB: Conflict checks performed by Ms. Wilhelmi and her law firm, Clapp, Moroney, Bellagamba, Vucinich, Beeman & Scheley ("Clapp Moroney"); representation by Clapp Moroney of parties adverse to KB; nature and extent of relationship between Clapp Moroney and Travelers; ethical conflicts of interest suffered by Ms. Nordstrom and Clapp Moroney regarding representation of KB; communications between Clapp Moroney and Travelers' employees or attorneys regarding conflicts of interests and potential representation of KB; production of documents to KB; redactions of documents produced to KB; communications within Clapp Moroney regarding how to respond to KB's requests for information regarding ethical conflicts of interest; monitoring legal work performed in KB cases and billing of Travelers for that work; collaboration with Travelers in coverage litigation against KB; declarations submitted in coverage litigation and motion to quash proceedings; duty of loyalty to KB and duty to act in KB's best interests; disclosures made to KB and waivers obtained from KB; authentication of documents. | |

| Witness Name (Proffered by) | Substance of Testimony | Est. Time: Direct/Cross |
|---|---|---|
| Richard Carrillo (by Travelers) | <u>Substance of Testimony To Be Elicited By Travelers:</u> Mr. Carrillo will testify to the requirements of the policies as to coverage, Travelers' rights under the policies, including the right to appoint counsel, and KB's duty to cooperate under the policies.<br><br>Additionally, Mr. Carrillo will also testify as to the settlement of claims against Norcraft Holdings, L.P./Norcraft Companies ("Norcraft") in the Davis Action. | 1 hr/ \_\_\_\_ |
| Richard Carrillo (Travelers' Western Regional Manager) (by KB) | <u>Substance of Testimony To Be Elicited By KB:</u> Travelers' guidelines, policies, practices and procedures for claims handling, business conduct and business ethics; allocations of the defense of homebuilders by insurers who name the homebuilders as an additional insured under a subcontractor policy; Travelers' actions in responding to KB's tender for defense of the Davis lawsuit; Travelers' actions in responding to KB's tenders for defense related to other construction defect claims; Travelers' management of actions taken by Travelers' employees; the nature and purpose of the Claims Legal Group and its utilization regarding construction defect claims involving KB; Travelers' pattern and practice relating to responding to tenders by KB, appointing counsel to represent KB, and responding to KB's concerns regarding counsel appointed by Travelers; Travelers' agreement to utilize the Glaspy firm in the Davis matter; Travelers' replacement of the Glaspy firm with the Clapp Moroney firm; Travelers replacement of the Clapp Moroney firm with the Collinsworth firm; Travelers duty to provide KB with a full, complete, immediate and conflict free defense; the implied covenant of good faith and fair dealing; Travelers' document and electronic data retention procedures; Travelers' relationships with the Glaspy firm, the Clapp Moroney firm, the Collinsworth firm and other firms utilized by Travelers in construction defect cases; Travelers' pattern and practice of behavior toward additional insureds who tender construction defects claims; training provided by Travelers related to conflicts of interest and construction defect claims handling; Travelers' internal policies or guidelines regarding conflict checks; Travelers' settlement behavior and strategy in the Davis action | |

| Witness Name (Proffered by) | Substance of Testimony | Est. Time: Direct/Cross |
|---|---|---|
| Jacqueline Vinaccia, Esq. (by Travelers) | Ms. Vinaccia will provide expert testimony related to the defense fees and costs incurred on behalf of KB in the Davis Action, including the reasonableness and necessity of fees and costs, and whether such fees and costs were incurred in the defense of claims potentially related to the work of Norcraft.<br><br>Additionally, Ms. Vinaccia will provide expert testimony related to the reasonableness and necessity of fees and costs KB alleges it is entitled to as *Brandt* fees. | 1 hr/ ___ |
| Steve McAllister (by Travelers) | Mr. McAllister will provide testimony related to KB's tender of its defense and indemnity for the Davis Action to State Farm General Insurance ("State Farm"), State Farm's acceptance of that tender, and the fees and costs incurred in the defense of KB in the Davis Action that State Farm paid on behalf of KB. | 30 min/ ___ |
| John Cole, Esq. (by Travelers) | Mr. Cole will provide expert testimony related to Travelers' claims handling of KB's tender of its defense and indemnity for the Davis Action under the Norcraft Policies, including any allegations of "bad faith" conduct. | 1 hr/ ___ |
| Carol Langford, Esq. (by Travelers) | Ms. Langford will provide expert testimony related to the ethical obligations of the counsel retained by Travelers to defend KB in the Davis Action. Further, Ms. Langford will address the existence, or lack thereof, of any alleged conflict of interest that would prohibit Collinsworth, Specht & Calkins from representing KB. | 1 hr/ ___ |

| Witness Name (Proffered by) | Substance of Testimony | Est. Time: Direct/Cross |
|---|---|---|
| Adrienne Nordstrom (Clapp Moroney counsel assigned by Travelers to represent KB) (by KB) | Conflict checks performed by Ms. Nordstrom and her law firm, Clapp, Moroney, Bellagamba, Vucinich, Beeman & Scheley ("Clapp Moroney"); representation by Clapp Moroney of parties adverse to KB; nature and extent of relationship between Clapp Moroney and Travelers; ethical conflicts of interest suffered by Ms. Nordstrom and Clapp Moroney regarding representation of KB; communications between Clapp Moroney and Travelers' employees or attorneys regarding conflicts of interests and potential representation of KB; production of documents to KB; redactions of documents produced to KB; communications within Clapp Moroney regarding how to respond to KB's requests for information regarding ethical conflicts of interest; monitoring legal work peformed in KB cases and billing of Travelers for that work; collaboration with Travelers in coverage litigation against KB; declarations submitted in coverage litigation and motion to quash proceedings; duty of loyalty to KB and duty to act in KB's best interests; disclosures made to KB and waivers obtained from KB; authentication of documents. | |

-7-

Case No. 5:13-cv-04745 EJD-PSG
**JOINT WITNESS LIST**

| Witness Name (Proffered by) | Substance of Testimony | Est. Time: Direct/Cross |
|---|---|---|
| Mark Collinsworth (Collinsworth firm counsel assigned by Travelers to represent KB) (by KB) | Conflict checks performed by Mr. Collinsworth and his law firm, Collinsworth, Specht, Calkins & Giampaoli ("Collinsworth firm");  representation by Collinsworth firm of parties adverse to KB; nature and extent of relationship between Collinsworth firm and Travelers; ethical conflicts of interest suffered by Mr. Collinsworth, Mr. Calkins and the Collinsworth firm regarding representation of KB;  communications between Collinsworth firm and Travelers' employees or attorneys regarding conflicts of interests and potential representation of KB; production of documents to KB; redactions of documents produced to KB; communications within Collinsworth firm regarding how to respond to KB's requests for information regarding ethical conflicts of interest; monitoring legal work performed in KB cases and billing of Travelers for that work; collaboration with Travelers in coverage litigation against KB; declarations submitted in coverage litigation; duty of loyalty to KB and duty to act in KB's best interests; disclosures made to KB and waivers obtained from KB; authentication of documents. | |

| Witness Name (Proffered by) | Substance of Testimony | Est. Time: Direct/Cross |
|---|---|---|
| Rochelle Ware (supervisor at Travelers) (by KB) | Travelers' guidelines, policies, practices and procedures for claims handling, business conduct and business ethics; allocations of the defense of homebuilders by insurers who name the homebuilders as an additional insured under a subcontractor policy; Travelers' actions in responding to KB's tender for defense of the Davis lawsuit; Travelers' actions in responding to KB's tenders for defense related to other construction defect claims; Travelers' management of actions taken by Travelers' employees; the nature and purpose of the Claims Legal Group and its utilization regarding construction defect claims involving KB; Travelers' pattern and practice relating to responding to tenders by KB, appointing counsel to represent KB, and responding to KB's concerns regarding counsel appointed by Travelers; Travelers' agreement to utilize the Glaspy firm in the Davis matter; Travelers' replacement of the Glaspy firm with the Clapp Moroney firm; Travelers replacement of the Clapp Moroney firm with the Collinsworth firm; Travelers duty to provide KB with a full, complete, immediate and conflict free defense; the implied covenant of good faith and fair dealing; Travelers' document and electronic data retention procedures;   Travelers' relationships with the Glaspy firm, the Clapp Moroney firm, the Collinsworth firm and other firms utilized by Travelers in construction defect cases; Travelers' pattern and practice of behavior toward additional insureds who tender construction defects claims; training provided by Travelers related to conflicts of interest and  construction defect claims handling; Travelers' internal policies or guidelines regarding conflict checks; Travelers' settlement behavior and strategy in the Davis action and in other construction defect actions tendered by KB; Travelers' decision to sue KB in the Davis action and in other construction defect actions tendered by KB; conduct of Travelers and its attorneys in coverage litigation initiated by Travelers against KB; Travelers' communications with other insurers; Travelers' attempts to retaliate against relatives of KB attorneys; communications in the Davis action; authentication of documents. | |

| Witness Name (Proffered by) | Substance of Testimony | Est. Time: Direct/Cross |
|---|---|---|
| Keith Andersen (Claim Vice President Over Construction for Travelers Insurance Company) (by KB) | Excerpts from videotaped deposition; Travelers' guidelines, policies, practices and procedures for claims handling, business conduct and business ethics; allocations of the defense of homebuilders by insurers who name the homebuilders as an additional insured under a subcontractor policy; Travelers' actions in responding to KB's tender for defense of the Davis lawsuit; Travelers' actions in responding to KB's tenders for defense related to other construction defect claims; Travelers' management of actions taken by Travelers' employees; the nature and purpose of the Claims Legal Group and its utilization regarding construction defect claims involving KB; Travelers' pattern and practice relating to responding to tenders by KB, appointing counsel to represent KB, and responding to KB's concerns regarding counsel appointed by Travelers; Travelers duty to provide KB with a full, complete, immediate and conflict free defense; the implied covenant of good faith and fair dealing; Travelers' document and electronic data retention procedures; Travelers' relationships with the Glaspy firm, the Clapp Moroney firm, the Collinsworth firm and other firms utilized by Travelers in construction defect cases; Travelers' pattern and practice of behavior toward additional insureds who tender construction defects claims; training provided by Travelers related to conflicts of interest and construction defect claims handling; Travelers' internal policies or guidelines regarding conflict checks; Travelers' settlement behavior and strategy in the Davis action and in other construction defect actions tendered by KB; Travelers' decision to sue KB in the Davis action and in other construction defect actions tendered by KB; conduct of Travelers and its attorneys in coverage litigation initiated by Travelers against KB; Travelers' communications with other insurers; Travelers' attempts to retaliate against relatives of KB attorneys; communications in the Davis action; authentication of documents. | |

| Witness Name (Proffered by) | Substance of Testimony | Est. Time: Direct/Cross |
|---|---|---|
| Debbie Taylor (named insured adjuster at Travelers) (by KB) | Travelers' guidelines, policies, practices and procedures for claims handling, business conduct and business ethics; allocations of the defense of homebuilders by insurers who name the homebuilders as an additional insured under a subcontractor policy; Travelers' actions in responding to KB's tender for defense of the Davis lawsuit; Travelers' actions in responding to KB's tenders for defense related to other construction defect claims; Travelers' management of actions taken by Travelers' employees; the nature and purpose of the Claims Legal Group and its utilization regarding construction defect claims involving KB; Travelers' pattern and practice relating to responding to tenders by KB, appointing counsel to represent KB, and responding to KB's concerns regarding counsel appointed by Travelers; Travelers' agreement to utilize the Glaspy firm in the Davis matter; Travelers' replacement of the Glaspy firm with the Clapp Moroney firm; Travelers replacement of the Clapp Moroney firm with the Collinsworth firm; Travelers duty to provide KB with a full, complete, immediate and conflict free defense; the implied covenant of good faith and fair dealing; Travelers' document and electronic data retention procedures;   Travelers' relationships with the Glaspy firm, the Clapp Moroney firm, the Collinsworth firm and other firms utilized by Travelers in construction defect cases; Travelers' pattern and practice of behavior toward additional insureds who tender construction defects claims; training provided by Travelers related to conflicts of interest and  construction defect claims handling; Travelers' internal policies or guidelines regarding conflict checks; Travelers' settlement behavior and strategy in the Davis action and in other construction defect actions tendered by KB; Travelers' decision to sue KB in the Davis action and in other construction defect actions tendered by KB; conduct of Travelers and its attorneys in coverage litigation initiated by Travelers against KB; Travelers' communications with other insurers; Travelers' attempts to retaliate against relatives of KB attorneys; communications in the Davis action; authentication of documents. | |

-11-

| Witness Name (Proffered by) | Substance of Testimony | Est. Time: Direct/Cross |
|---|---|---|
| Debbi Payne (additional insured adjuster at Travelers) (b KB) | Travelers' guidelines, policies, practices and procedures for claims handling, business conduct and business ethics; allocations of the defense of homebuilders by insurers who name the homebuilders as an additional insured under a subcontractor policy; Travelers' actions in responding to KB's tender for defense of the Davis lawsuit; Travelers' actions in responding to KB's tenders for defense related to other construction defect claims; Travelers' management of actions taken by Travelers' employees; the nature and purpose of the Claims Legal Group and its utilization regarding construction defect claims involving KB; Travelers' pattern and practice relating to responding to tenders by KB, appointing counsel to represent KB, and responding to KB's concerns regarding counsel appointed by Travelers; Travelers' agreement to utilize the Glaspy firm in the Davis matter; Travelers' replacement of the Glaspy firm with the Clapp Moroney firm; Travelers replacement of the Clapp Moroney firm with the Collinsworth firm; Travelers duty to provide KB with a full, complete, immediate and conflict free defense; the implied covenant of good faith and fair dealing; Travelers' document and electronic data retention procedures; Travelers' relationships with the Glaspy firm, the Clapp Moroney firm, the Collinsworth firm and other firms utilized by Travelers in construction defect cases; Travelers' pattern and practice of behavior toward additional insureds who tender construction defects claims; training provided by Travelers related to conflicts of interest and construction defect claims handling; Travelers' internal policies or guidelines regarding conflict checks; Travelers' settlement behavior and strategy in the Davis action and in other construction defect actions tendered by KB; Travelers' decision to sue KB in the Davis action and in other construction defect actions tendered by KB; conduct of Travelers and its attorneys in coverage litigation initiated by Travelers against KB; Travelers' communications with other insurers; Travelers' attempts to retaliate against relatives of KB attorneys; communications in the Davis action; authentication of documents. | |

| Witness Name (Proffered by) | Substance of Testimony | Est. Time: Direct/Cross |
|---|---|---|
| Mary Kay Glaspy (KB's defense counsel in the Davis action) (by KB) | Discussion of all aspects related to the Davis action; Discussion of all aspects related to KB's tender to Travelers related to the Davis action; damages suffered by KB in relation to the Davis action; history of Glaspy & Glaspy as panel counsel for Travelers; Travelers' guidelines, policies, practices and procedures for claims handling, business conduct and business ethics; allocations of the defense of homebuilders by insurers who name the homebuilders as an additional insured under a subcontractor policy; Travelers' actions in responding to KB's tender for defense of the Davis lawsuit; Travelers' actions in responding to KB's tenders for defense related to other construction defect claims; Travelers' management of actions taken by Travelers' employees;  Travelers' pattern and practice relating to responding to tenders by KB, appointing counsel to represent KB, and responding to KB's concerns regarding counsel appointed by Travelers; Travelers' agreement to utilize the Glaspy firm in the Davis matter; Travelers' replacement of the Glaspy firm with the Clapp Moroney firm; Travelers replacement of the Clapp Moroney firm with the Collinsworth firm; Travelers duty to provide KB with a full, complete, immediate and conflict free defense; the implied covenant of good faith and fair dealing; Travelers' document and electronic data retention procedures; Travelers' pattern and practice of behavior toward additional insureds who tender construction defects claims; Travelers' settlement behavior and strategy in the Davis action and in other construction defect actions tendered by KB; Travelers' decision to sue KB in the Davis action and in other construction defect actions tendered by KB; conduct of Travelers and its attorneys in coverage litigation initiated by Travelers against KB; Travelers' communications with other insurers; communications in the Davis action; authentication of documents. | |

| Witness Name (Proffered by) | Substance of Testimony | Est. Time: Direct/Cross |
|---|---|---|
| Dave Simons (Vice President and Assistant General Counsel, Litigation and Compliance, for KB Home) (by KB) | Discussion of what is additional insurance and its impact upon builders and subcontractors within the building industry; KB's damages; KB's risk management program; History of KB's relationship with Travelers and other similar insurance companies prior to 2010; Change in Travelers' strategy toward KB and other additional insured builders since 2010; Discussion of what is additional insurance and its impact upon builders and subcontractors within the building industry; Travelers' guidelines, policies, practices and procedures for claims handling, business conduct and business ethics; allocations of the defense of homebuilders by insurers who name the homebuilders as an additional insured under a subcontractor policy; Travelers' actions in responding to KB's tender for defense of the Davis lawsuit; Travelers' actions in responding to KB's tenders for defense related to other construction defect claims; Travelers' management of actions taken by Travelers' employees; the nature and purpose of the Claims Legal Group and its utilization regarding construction defect claims involving KB; Travelers' pattern and practice relating to responding to tenders by KB, appointing counsel to represent KB, and responding to KB's concerns regarding counsel appointed by Travelers; Travelers' agreement to utilize the Glaspy firm in the Davis matter; Travelers' replacement of the Glaspy firm with the Clapp Moroney firm; Travelers replacement of the Clapp Moroney firm with the Collinsworth firm; Travelers duty to provide KB with a full, complete, immediate and conflict free defense; the implied covenant of good faith and fair dealing; Travelers' document and electronic data retention procedures; Travelers' pattern and practice of behavior toward additional insureds who tender construction defects claims; training provided by Travelers related to conflicts of interest and construction defect claims handling; Travelers' internal policies or guidelines regarding conflict checks; Travelers' settlement behavior and strategy in the Davis action and in other construction defect actions tendered by KB; Travelers' decision to sue KB in the Davis action and in other construction defect actions tendered by KB; conduct of Travelers and its attorneys in coverage litigation initiated by Travelers against KB; Travelers' communications with other | |

| Witness Name (Proffered by) | Substance of Testimony | Est. Time: Direct/Cross |
|---|---|---|
| Gene Witkin (Menter & Witkin LLP) (by KB) | Communications with Travelers and Clapp Moroney regarding conflicts of interest; allocations of the defense of homebuilders by insurers who name the homebuilders as an additional insured under a subcontractor policy; Travelers' actions in responding to KB's tender for defense of the Davis lawsuit; Travelers' actions in responding to KB's tenders for defense related to other construction defect claims; Travelers' management of actions taken by Travelers' employees; Travelers' pattern and practice relating to responding to tenders by KB, appointing counsel to represent KB, and responding to KB's concerns regarding counsel appointed by Travelers; Travelers' agreement to utilize the Glaspy firm in the Davis matter; Travelers' replacement of the Glaspy firm with the Clapp Moroney firm; Travelers replacement of the Clapp Moroney firm with the Collinsworth firm; Travelers duty to provide KB with a full, complete, immediate and conflict free defense; the implied covenant of good faith and fair dealing; Travelers' document and electronic data retention procedures; Travelers' relationships with the Glaspy firm, the Clapp Moroney firm, the Collinsworth firm and other firms utilized by Travelers in construction defect cases; Travelers' pattern and practice of behavior toward additional insureds who tender construction defects claims; Travelers' internal policies or guidelines regarding conflict checks; Travelers' settlement behavior and strategy in the Davis action and in other construction defect actions tendered by KB; Travelers' decision to sue KB in the Davis action and in other construction defect actions tendered by KB; conduct of Travelers and its attorneys in coverage litigation initiated by Travelers against KB; Travelers' communications with other insurers; Travelers' attempts to retaliate against relatives of KB attorneys; communications in the Davis action; authentication of documents. | |

| Witness Name (Proffered by) | Substance of Testimony | Est. Time: Direct/Cross |
|---|---|---|
| Andre Jardini (KB's expert witness regarding KB's damages and Travelers' claimed damages) (by KB) | The reasonableness of attorneys' fees and costs incurred by Glaspy & Glaspy; reasonableness of attorneys' fees and costs incurred by Newmeyer & Dillion; Criticism of amounts Travelers seeks in reimbursement from KB; authentication of documents. | |
| Charles Henderson (KB's expert witness regarding insurance industry standard of care) (by KB) | Travelers' failure to meet the standard of care in insurance claims handling; Travelers' unreasonable and improper actions related to insurance claims handling in the Davis action and other construction defect actions in which KB has tendered its defense to Travelers; authentication of documents. | |
| Ellen Peck (KB's expert witness regarding conflicts of interest) (by KB) | Discussion regarding all aspects related to ethical obligations of counsel appointed by Travelers and conflicts of interest suffered by counsel appointed by Travelers to defend KB in the Davis action and other construction defect actions in which KB has tendered its defense to Travelers; Conflicts of interests suffered by Clapp Moroney, the Collinsworth firm, the Lee firm and other firms appointed by Travelers; Travelers' culpability in assigning conflicted counsel to represent KB in the Davis action and in other construction defect actions in which KB has tendered its defense to Travelers; authentication of documents. | |

| Witness Name (Proffered by) | Substance of Testimony | Est. Time: Direct/Cross |
|---|---|---|
| Greg Dillion (Newmeyer & Dillion LLP) (by KB) | Discussion of what is additional insurance and its impact upon builders and subcontractors within the building industry; Travelers' guidelines, policies, practices and procedures for claims handling, business conduct and business ethics; allocations of the defense of homebuilders between insurers who name the homebuilders as an additional insured under a subcontractor policy; Travelers' actions in responding to KB's tender for defense of the Davis lawsuit; Travelers' actions in responding to KB's tenders for defense related to other construction defect claims; Travelers' pattern and practice relating to responding to tenders by KB, appointing counsel to represent KB, and responding to KB's concerns regarding counsel appointed by Travelers; Travelers' agreement to utilize the Glaspy firm in the Davis matter; Travelers' replacement of the Glaspy firm with the Clapp Moroney firm; Travelers replacement of the Clapp Moroney firm with the Collinsworth firm; Travelers duty to provide KB with a full, complete, immediate and conflict free defense; the implied covenant of good faith and fair dealing; Travelers' pattern and practice of behavior toward additional insureds who tender construction defects claims; Travelers' internal policies or guidelines regarding conflict checks; Travelers' settlement behavior and strategy in the Davis action and in other construction defect actions tendered by KB; Travelers' decision to sue KB in the Davis action and in other construction defect actions tendered by KB; conduct of Travelers and its attorneys in coverage litigation initiated by Travelers against KB; Travelers' communications with other insurers; Travelers' attempts to retaliate against relatives of KB attorneys; attorneys' fees and costs incurred by Newmeyer & Dillion in this action; billing practices and procedures of Newmeyer & Dillion in construction defect matters on behalf of homebuilders; authentication of documents. | |

| Witness Name (Proffered by) | Substance of Testimony | Est. Time: Direct/Cross |
|---|---|---|
| C. Kendie Schlecht (Newmeyer & Dillion LLP) (by KB) | Discussion of what is additional insurance and its impact upon builders and subcontractors within the building industry; Travelers' guidelines, policies, practices and procedures for claims handling, business conduct and business ethics; allocations of the defense of homebuilders between insurers who name the homebuilders as an additional insured under a subcontractor policy; Travelers duty to provide KB with a full, complete, immediate and conflict free defense; the implied covenant of good faith and fair dealing; Travelers' pattern and practice of behavior toward additional insureds who tender construction defects claims; Travelers' internal policies or guidelines regarding conflict checks; Travelers' settlement behavior and strategy in the Davis action and in other construction defect actions tendered by KB; Travelers' decision to sue KB in the Davis action and in other construction defect actions tendered by KB; conduct of Travelers and its attorneys in coverage litigation initiated by Travelers against KB; attorneys' fees and costs incurred by Newmeyer & Dillion in this action; billing practices and procedures of Newmeyer & Dillion in construction defect matters on behalf of homebuilders; KB's damages; authentication of documents. | |
| Don Shaw (Paralegal at The Aguilera Group, APLC) (by KB) | Travelers' pattern and practice of behavior toward additional insureds who tender construction defects claims; Travelers' settlement behavior and strategy with respect to subcontractors insured by Travelers involved in construction defect actions; settlement negotiations by Mr. Shaw, his office, or other Travelers employees with homeowners' counsel regarding subcontractors in construction defect actions where KB is named as an additional insured under a Travelers policy issued to the subcontractor; settlement negotiations related to the Davis action; authentication of documents. | |

| Witness Name (Proffered by) | Substance of Testimony | Est. Time: Direct/Cross |
|---|---|---|
| Antherine Ventanilla (Legal Administrator at Milstein Adelman LLP) (by KB) | Travelers' pattern and practice of behavior toward additional insureds who tender construction defects claims; Travelers' settlement behavior and strategy with respect to subcontractors insured by Travelers involved in construction defect actions; settlement negotiations by Ms. Ventanilla or her office with Travelers' counsel or employees regarding subcontractors in construction defect actions where KB is named as an additional insured under a Travelers policy issued to the subcontractor; settlement negotiations related to the Davis action; authentication of documents. | |
| A. Eric Aguilera (by KB) | Travelers' settlement behavior and strategy with respect to subcontractors insured by Travelers involved in construction defect actions; settlement negotiations by the Aguilera Law Group with homeowners' counsel regarding subcontractors in construction defect actions where KB is named as an additional insured under a Travelers policy issued to the subcontractor; authentication of documents. | |

Dated: March 19, 2015            **THE AGUILERA LAW GROUP, APLC**

                                                             */s/ Angela Martin*
                                                        A. Eric Aguilera
                                                        Raymond E. Brown
                                                        Angela Martin,
                                                        Attorneys for Plaintiff/Cross-Defendant TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA

Dated: March 19, 2015            **NEWMEYER & DILLION, LLP**

                                                             */s/ C. Kendie Schlect*
                                                        John O'Hara
                                                        Michael Studenka
                                                        C. Kendie Schlecht,
                                                        Attorneys for Defendants/Counterclaimants KAUFMAN & BROAD MONTEREY BAY, INC., K&B BAKEWELL SEASIDE VENTURE, LLC and KB HOME SOUTH BAY NC.